I respectfully dissent from the disposition of the second assignment of error for the reason that the court's decision to impose the maximum term of incarceration necessarily meant, by negative implication, that the court considered and rejected the shortest possible term of incarceration.
A court choosing to impose more than the shortest prison term for an offender who has not previously served a prison term is required to find either that the shortest prison term would demean the seriousness of the offense or would not adequately protect the public from future crime by the offender. See R.C. 2929.14(B). A court choosing to impose the maximum term of incarceration may do so, as relevant here, to offenders who committed the worst form of the offense or pose the greatest likelihood of committing future crimes. See R.C. 2929.14(C).
The court conducted a sentencing hearing at which it clearly spelled out to defendant its reasons for imposing the maximum sentence and departing from the statutory mandate to impose the minimum term of incarceration. The court considered presentence and psychiatric reports. It also heard from the victim, who prepared a statement detailing the psychological trauma she suffered as a result of the offense. The court then addressed defendant and stated the operative facts:
 The injury to the victim. I think it is worsened by the mental condition, and whether it was age or not, and I understand she was twenty-six years-old, but this certainly collapsed her substantially * * *.
 She suffered serious physical harm, and she suffered serious psychological harm as a result of the offense, and those two, seriousness factors both apply, and, I think, are available to the Court.
* * *
 The maximum is given in this case, in light of the fact that defendant was on probation at the time of the offense, and this particular aggravated burglary is the worst form of the crime. (Emphasis added).
These findings wholly justify the court's decision to declare the aggravated burglary the worst form of the offense. Indeed, the majority does not take issue with the court's finding. If this aggravated burglary was the worst form of the crime, I fail to see what purpose it would serve to require the court to make additional findings stating why it did not impose the shortest sentence. A finding rejecting the shortest sentence would necessarily be subsumed within the finding justifying the maximum sentence. In other words, if defendant committed the worst form of the offense, it would necessarily demean the seriousness of the offense to impose a minimum sentence under R.C. 2929.14(B).
This is not a new interpretation of the sentencing statutes. We very recently made the same holding in State v. McKinley (June 22, 2000), Cuyahoga App. No. 76443, unreported. The trial court sentenced McKinley to the maximum term of incarceration after finding he was likely to commit crimes in the future. Although the trial court did not state its reasons for refusing to impose the minimum term of incarceration, we held that the trial court's stated reasons for imposing the maximum term adequately identified those findings which precluded a minimum sentence and justified a maximum sentence. Id., unreported at 7.
My conclusion is not contrary to State v. Edmonson (2000),86 Ohio St.3d 324 . Edmonson reversed a case where the sentencing court not only failed to make the findings supporting a deviation from the shortest possible sentence for a first-time imprisonment, but also failed to make the necessary determination as to the maximum term of imprisonment that it imposed. Unlike Edmonson, the court here did justify its reasons for imposing the maximum term. Had the Edmonson court been confronted with a fact pattern similar to this case, I am confident the Supreme Court would have adhered to its longstanding rule of interpreting statutes to avoid unreasonable or absurd consequences. See State v. Robb (2000), 88 Ohio St.3d 59.
We should not let semantics get in the way of common sense. Because the court's finding that defendant committed the worst form of the offense foreclosed any possibility that defendant could receive the shortest sentence, I would find the court complied with the sentencing statutes and would affirm the second assignment of error.